Argued and submitted June 24, affirmed July 28, 2021

Michael James RUSHTON, DPM,
*Petitioner,*

*v.*

OREGON MEDICAL BOARD,
*Respondent.*

Oregon Medical Board
A172366

497 P3d 814

Petitioner, Michael James Rushton, DPM, seeks judicial review of a final order by the Oregon Medical Board imposing sanctions stemming from petitioner's negligence in connection with six patients' medical records. Among other challenges, petitioner contends that the board erred in upholding the administrative law judge's findings of fact and conclusions of law surrounding the failure to disclose an expert report to petitioner after that expert was called as a witness during the contested case hearing. Petitioner argues that ORS 676.175(3)(d) does not protect the report from disclosure and that, even if it did, any protection under the statute was waived as a result of the expert's testimony. *Held*: The plain language of ORS 676.175(3)(d) exempts from disclosure to the licensee or applicant reports of expert witnesses. Further, petitioner's arguments on review are either unpreserved or have not persuaded the Court of Appeals that there is any exception to that broad exemption from disclosure.

Affirmed.

George S. Pitcher argued the cause for petitioner. Also on the briefs were Rachel A. Robinson and Lewis Brisbois Bisgaard & Smith LLP.

Denise Fjordbeck argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General and Colm Moore, Assistant Attorney General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Petitioner, Michael James Rushton, DPM, seeks judicial review of a final order by the Oregon Medical Board imposing sanctions stemming from petitioner's negligence in connection with six patients' medical records. We affirm.

Petitioner raises five assignments of error, four of which we reject without discussion. In his third assignment of error, petitioner challenges the board's decision to uphold the administrative law judge's (ALJ) findings of fact and conclusions of law surrounding the failure to disclose an expert report to petitioner after that expert was called as a witness during the contested case hearing. Petitioner argues that ORS 676.175(3)(d) does not protect the report from disclosure and that, even if it did, any protection under the statute was waived as a result of the expert's testimony. The board contends that the plain text of the statute controls, and that petitioner failed to preserve the waiver argument.

The parties' dispute presents a question of statutory construction, which we review for errors of law. *OR-OSHA v. CBI Services, Inc.*, 356 Or 577, 585, 341 P3d 701 (2014). When interpreting a statute, our goal is to ascertain the legislature's intent. *PGE v. Bureau of Labor Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We, thus, turn to the familiar framework for statutory interpretation described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), in which we examine the text, context, and any pertinent legislative history to discern the legislature's intended meaning. Importantly, "[t]he formal requirements of lawmaking produce the best source from which to discern the legislature's intent, for it is not the intent of the individual legislators that governs, but the intent of the legislature as formally enacted into law[.]" *Id*. at 171.

ORS 676.175(3) provides, in part:

"If a health professional regulatory board votes to issue a notice of intent to impose a disciplinary sanction, upon written request by the licensee or applicant, the board shall disclose to the licensee or applicant all information obtained by the board in the investigation of the allegations in the notice except:

"* * * * *

"(d)   Reports of expert witnesses."

The text of that statute is clear: reports of expert witnesses are not disclosed to the licensee or applicant. Further, there is nothing in the text or context of the statutory framework that suggests that there is a temporal limitation on that exemption from disclosure.

Petitioner has not pointed us to any other source of law that contravenes the plain language of that statute. To the extent that petitioner's argument relies on OEC 705, we note that the Oregon Evidence Code (OEC) does not apply in contested case hearings. *See Osuna-Bonilla v. Teacher Standards and Practices Comm.*, 282 Or App 260, 269, 386 P3d 229 (2016) (explaining that "the evidence that an administrative body may consider in a contested case does not turn on the strictures of the Oregon Evidence Code as in a judicial proceeding"); *see also* ORS 183.450(1).[1] Further, to the extent that petitioner's argument relies on statements gleaned from the legislative history to create a distinction between prehearing proceedings and contested case hearings, we reject that argument because those selective statements do little to overcome the plain text of the statute. *See Gaines,* 346 Or at 171 (explaining that "there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes" (internal quotation marks omitted)); *see also White v. Jubitz Corp.*, 347 Or 212, 223, 219 P3d 566 (2009) (observing that "legislative history cannot substitute for, or contradict the text" of a statute).

Finally, we reject petitioner's waiver argument as unpreserved. *See Thomas Creek Lumber v. Board of Forestry*, 188 Or App 10, 30, 69 P3d 1238 (2003) (explaining that the

---

[1] ORS 183.450(1) provides:

"Irrelevant, immaterial or unduly repetitious evidence shall be excluded but erroneous rulings on evidence shall not preclude agency action on the record unless shown to have substantially prejudiced the rights of a party. All other evidence of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs shall be admissible. Agencies and hearing officers shall give effect to the rules of privilege recognized by law. Objections to evidentiary offers may be made and shall be noted in the record. Any part of the evidence may be received in written form."

rules of preservation apply to judicial review of decisions of administrative agencies); *see also Becklin v. Board of Examiners for Engineering*, 195 Or App 186, 199-200, 97 P3d 1216 (2004), *rev den*, 338 Or 16 (2005) ("In general, to preserve a contention for appeal or judicial review, a party must provide the lower court or agency with an explanation of his or her objection that is specific enough to ensure that the court or agency is able to consider the point and avoid committing error."). In taking exception to the ALJ's proposed order, petitioner argued that "ORS 676.175(3) relates to discovery" and that OEC 705 is instructive once an expert testifies about the contents of a report. (Emphasis omitted.) Petitioner further argued that "[t]here is no explicit prohibition on disclosure of expert reports if an expert testifies about and relies on the report at a contested case hearing." (Emphasis omitted.) Petitioner's argument—which was focused on why the statutory exemption did not apply at all—was not specific enough to alert the board that petitioner also was arguing that the exemption in ORS 676.175(3)(d) was subject to a waiver analysis. Moreover, as noted above, we reject petitioner's reliance on importing concepts embedded in the evidence code to contravene the plain text of ORS 676.175(3)(d).

In short, the plain language of ORS 676.175(3)(d) exempts from disclosure reports of expert witnesses. Further, petitioner's arguments on review are either unpreserved or have not persuaded us that there is any exception to that broad exemption from disclosure. *See* ORS 174.010 (providing that the court's role in statutory interpretation "is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted").

Affirmed.